RICHARDSON *v.* REAP. .

Opinion delivered March 14, 1927.

1.  TRIAL—INSTRUCTION INVADING JURY'S PROVINCE.—In an action for damages for breaking a plate glass window, an instruction that, if the glass was already cracked, and had a hole in it, and if plaintiff knew the hole was in the glass, and this hole contributed to its breaking when struck by defendant, and the glass would not have broken had the hole not been in it, then to let the glass stay there with the hole in it was contributory negligence on plaintiff's part, *held* erroneous in not leaving to the jury to determine whether plaintiff was guilty of contributory negligence.

2.  NEGLIGENCE—CONTRIBUTORY NEGLIGENCE DEFINED.—Contributory negligence is such act or omission of plaintiff amounting to a want of ordinary care as, concurring with a negligent act of defendant, is a proximate cause of the injury.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant brought this suit for damages for breaking the north plate-glass front or display window in his store building, fronting west on ——— Street, in Warren, Arkansas, and occupied by Martin-Mosely Hardware & Furniture Company, as a tenant.

The glass sets on a base 15 inches above the iron ledge which abuts on the sidewalk, the iron ledge being about 15 inches wide and about the same length as the window.

C. W. McMahon, with Hugh and Besta Ashcraft, were standing on this iron ledge, in conversation, on the day of the injury or accident, when Jim Reap, the other appellee, came along the sidewalk and accosted McMahon.

Besta Ashcraft stated that McMahon was standing in the middle. He was on McMahon's right and Hugh was on his left when Mr. Reap walked up. He shook hands with Mr. Ashcraft, stuck out his left hand to Mr. McMahon, who said, "Don't give me your left hand," and pushed his hand down, and Reap gave him a push, causing McMahon to hunch back and break the glass. "We were standing on the ledge in front of the glass,

about 6 or 8 inches in front of the glass, and when he hunched back he broke the glass.'' Mr. McMahon reached his hand up; Mr. Reap pushed him in the stomach, and that caused Mr. McMahon to hunch back and hit the glass. It popped right smart. Witnesses said all this was done in perfectly good humor.

Hugh Ashcraft stated that Reap came along, good-naturedly and in a friendly way, shaking hands with us. He offered his left hand to McMahon, who said, ''I don't want your left hand,'' and made a motion toward Reap, and he pushed Reap back, and McMahon hunched back far enough to break the glass. McMahon stood there, and Reap walked off. McMahon went in the house and talked to Mosely.

Reap stated that McMahon and two of the Ashcraft boys were standing on the basement against the store when he came along the sidewalk, shaking hands and giving a left hand to McMahon, who said, ''Don't give me your left hand,'' and put his hand here, and I pulled his hand down and the glass broke; that he did not strike him in the stomach. I was just shaking hands in a friendly way. Mosely came out of the store and asked who broke the glass, and McMahon answered he didn't know, and I stepped up and told him how it occurred, as I am telling it now. He stated that they were not playing or scuffling, but that he was just shaking hands in a friendly way, and that McMahon backed into the window when he got him by the hand when he took hold of him.

McMahon stated that he was standing on the iron plate, about 15 inches from the ground—the plate the glass stands on—when Mr. Reap came along, and he shook hands with Hugh Ashcraft with his right hand, ''and reached for me with his left hand, and I said, 'Don't want your left hand,' and, when he took hold of me with his left hand, which was done that quick, and he turned me loose; all were in a good humor, touched the glass very light, and didn't intend to break it.'' Didn't think the glass would have been broken from the push he got from Mr. Reap.

There was testimony showing that a small round hole had been broken in the glass before, about two or three feet up from the base, by its being struck with a rock, the glass being shivered around the hole on the inside.

Another witness stated that he was present on the day the glass was broken; that two or three were standing on the base of this glass when Reap came up the sidewalk, shaking hands with first one and another; about when he got in front of these gentlemen he shook hands with some one with his right hand and offered his left to another man, who said, "Don't give me your left hand," reached up and took Mr. Reap by the shoulder, and in some way this man stepped back into the glass and broke it. Didn't know the man, but the one Mr. Reap offered his left hand to was the one that hit the window. It was all done in play. Mr. Reap pushed this man's hand back, and it was done this way, just in a joking way.

The testimony tended to show that the glass would not have been broken by the action of McMahon in backing or pushing back against it, had it not been weakened by being broken before and shivered by the rock striking it.

The court instructed the jury, giving, over appellant's objection, number 5 as follows: "The court instructs the jury that, if you believe from the evidence that the glass window in question had previously had a hole broken through it by some means, and, on the occasion of the injury for which this suit is brought, that the glass cracked or broke from that point, and if the evidence shows that it did so crack, that the plaintiff knew the hole was in the glass, and that this hole being in the glass contributed to its breaking when struck by defendant, McMahon, and if you believe it would not have broken had the hole not been in it, then to let the glass stay there with the hole broken in it was contributory negligence on the part of plaintiff, and he cannot recover in this action." And the jury returned a verdict for defendants, and from the judgment plaintiff brings this appeal.

*DuVal L. Purkins,* for appellant.

*D. A. Bradham,* for appellee.

KIRBY, J., (after stating the facts). The facts in the case are virtually undisputed, the testimony showing that the glass was cracked or broken by one of the young men, McMahon, pushing or backing against it when another, Reap, who was coming along the sidewalk, shaking hands with his friends, pushed him or struck at him in a friendly way, after being told by McMahon he didn't want his left hand, causing him to dodge or "hunch back," as one of the witnesses expressed it, striking the glass and breaking it.

The testimony also shows that a hole had been broken through the glass some time before, about two feet up from the base, a small hole through which a tenpenny nail could be passed, and the glass shivered on the inside from its being struck with a rock, and that it was weakened by this former break to such an extent as caused it to break when McMahon backed against it, and that it would not have been broken from this occurrence if it had not been defective from this former break.

In defendant's instruction numbered 5, complained of, it was attempted to submit the question of the owner's contributory negligence in continuing to use this broken and defective window as a defense to this suit, but this instruction did not leave the question to the decision of the jury, but told them if they found certain facts to be true that it was contributory negligence, and the plaintiff could not recover.

This court, in *Fourche River Valley & I. T. Ry. Co.* v. *Tippett,* 101 Ark. 386, defined contributory negligence as follows: "Contributory negligence 'in its legal signification is such an act of omission on part of plaintiff amounting to the want of ordinary care as, concurring or cooperating with a negligent act of the defendant, is a proximate cause or occasion of the injury complained of.' *International & G. N. Rd. Co.* v. *Schubert,* 130 S. W. 709. This definition of contributory negligence has been

often approved, and the doctrine frequently applied by this court.'' Citing many cases.

The instruction was erroneous in not leaving it to the jury to determine whether the act or omission on the part of the plaintiff in continuing the use of the glass with a hole broken in it, under the circumstances, amounted to such want of ordinary care on his part as, concurring or cooperating with the negligence of the defendant, was the proximate cause or occasion of the injury complained of and contributory negligence barring his recovery.

For the error in giving this instruction the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.